Peakbon, J.
dissentientc. The Statute, which provides for taking subscriptions to the stock of the Wilmington and Manchester Rail Road Company, appoints certain Com • missioners, makes it their duty to require payment in cash of five dollars in the hundred, and to pay over the amount to the Company upon its organization; and declares all subscriptions void, if this cash instalment is not paid to the commissioner at the time he takes the subscription.
The plaintiff was one of the Commissioners; and undertook to act in that capacity, and in violence of his duty accepted from the defendant, at the time he made a subscription, the note now sued on, instead; of the cash, and reported him a subscriber entitled to five shares of stock. This was not true, the cash not having been paid and the subscription on that account being void.
The question is, will this Court countenance a breach of duty in a public agent by giving its aid in the collection of a note, which it was a violation of his duty to take ? How is the case distinguished from that of compounding a felony —where, on account of the breach of duty to the public in taking a note, the Courts refused to aid in its collection ?
. I cannot bring my mind to the conclusion, that the judicial branch of the government ought thus to encourage a departure from plain words pf instruction, given by the legislative branch to one of its agents.
*229 The validity of the charter of the Company is not involved in this case. That cannot be drawn in question in this collateral1 manner. When the sovereign has cause of complaint against the Company, it must institute a direct proceeding, in order to vacate the grant: and the difficulties and many grave objections,avh'ich, in almost every instance, present themselves to this direct proceeding, argue strongly in favor of watching with jealousy all dereliction of duty on the part of those, whose instrumentality is relied on to give to the Company its corporate existence. Because, when all th,e conditions, precedent to its coming into existence, are faithfully performed, there is apt to be but Jittle cause of complaint growing out of its future action.
It is the duty of our Public Treasurer to borrow money upon State bonds. Suppose he issues a bond, and, instead of receiving the cash, takes the note of the individual, trust-' ing to his assurance, that the cash will be paid the very instant it is needed for public use. No one would call in question the validity of the State boud ; but, I imagine, few would be found to insist, that the Courts ought fo aid the Treasurer in the collection of the note, which he has taken in violation ofhis duty, although it happened, that no direct harm resulted from the arrangement.
What was the object of the Legislature in requiring, that there should be this cash payment upon every share of stock, it is not for us to enquire. It may be, it was to guard against “bubble corporations,” which sometimes do much harm ; or to give the Company a fair start, and prevent the necessity of contracting debts. Whatever the object may have been, it is certain, that the Legislature, in express terms, and as a condition to the subscription, directed the plaintiff to require the cash, and it was a breach of duty to take a note.
Pee Ccjkxam. Judgment affirmed.